**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GARRETT DOUGLAS JONES, #83695,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 22-cv-01165-JPG** |
| | ) | |
| **GRANITE CITY POLICE DEPT.,** | ) | |
| **MADISON COUNTY JAIL, and** | ) | |
| **MADISON COUNTY CIRCUIT** | ) | |
| **COURT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Garrett Douglas Jones brings this action *pro se* pursuant to 42 U.S.C. § 1983.  In the Complaint, Plaintiff alleges that he was taken into custody by Granite City Police Department on May 9, 2022, and charged with an undisclosed crime the following day.  (Doc. 1).  However, he never saw a judge for his arraignment.  When he complained about this omission at his bond revocation hearing on May 13, 2022, the Court informed Plaintiff that he did, in fact, see a judge at Granite City Police Department on May 11, 2022.  Plaintiff disagrees and challenges his confinement on grounds of improper arraignment in violation of 725 ILCS § 5/113-6.[1]  He seeks immediate release from custody and lost wages.  (*Id.*).  On October 17, 2022, Plaintiff filed a Motion for Leave to Amend the Complaint to add Sheriff John D. Lakin and Madison County, Illinois, as defendants.  (Doc. 12).

---

[1] This statute provides that "[n]either a failure to arraign nor an irregularity in the arraignment shall effect the validity of any proceeding in the cause if the defendant pleads to the charge or proceeds to trial without objecting to such failure or irregularity."  *See* 725 ILCS § 5/113-6.

The Complaint (Doc. 1) and Motion to Amend Complaint (Doc. 12) are now subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations in a *pro se* complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

As an initial matter, the Court must evaluate Plaintiff's substantive claim to determine if he has invoked the correct statute when bringing this action. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002). Plaintiff brings his Complaint pursuant to 42 U.S.C. § 1983, which provides a private cause of action for deprivations of federally protected rights by persons acting under color of state law. (Doc. 1). He seeks immediate release from confinement and reimbursement of lost wages. (*Id.*).

Section 1983 offers Plaintiff with no avenue to relief for state law violations that are unaccompanied by deprivations of federally protected rights. Plaintiff's claim arises from an alleged violation of Illinois state law governing arraignments. He did not bring this suit for a deprivation of any federally protected rights, and the Court cannot glean any such claims from his threadbare allegations.

Plaintiff also failed to name a "person" within the meaning of Section 1983 as a defendant. He named Granite City Police Department, Madison County Jail, and Madison County Circuit Court. Plaintiff's designation of these three defendants likely represents his attempt to hold a municipality liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658,

690, 694 (1978).  Municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury.  *Id*.  However, Plaintiff points to no policy or custom in the Complaint, and he does not bring this suit for a constitutional injury.  All three defendants shall therefore be dismissed.

Plaintiff filed a motion seeking leave to add Madison County and the sheriff as defendants, but this does not help matters.  As a general rule, this Court will not accept piecemeal amendments to a complaint.  An amended complaint supersedes and replaces all prior versions.  *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  Neither the original complaint nor the amended complaint state a claim against the county or the sheriff.  Plaintiff sets forth no allegations suggesting that either one was responsible for a constitutional deprivation or suggesting that either one was responsible for a policy, custom, or practice that caused a deprivation to occur.  Therefore, adding these two defendants would make no difference.

Section 1983 may provide an avenue to relief in a future suit, if Plaintiff seeks money damages for violations of his federal rights by persons acting under color of state law.  *See* 42 U.S.C. § 1983.  However, he cannot do so, if his claim implies that his conviction is invalid, and the conviction still stands.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that a Section 1983 claim for money damages based on constitutional violation(s) that necessarily implies the invalidity of a standing conviction is unavailable to a prisoner until the conviction is reversed or expunged.  *Id*. at 486-87.  Plaintiff must wait to bring said claim until the conviction is overturned or expunged.

Plaintiff's complaint focuses on his request for immediate release from confinement based on a violation of state law, and Section 1983 is a poor fit for this claim.  If Plaintiff still faces pending criminal charges, he has the option of filing a written motion in his criminal case in state

court to point out the error in his arraignment under Illinois state law.  If he has already been convicted, Plaintiff should instead consider bringing this challenge in a direct appeal or a petition for post-conviction relief filed in state court.  Finally, a petition for writ of habeas corpus filed in federal court may provide Plaintiff with an avenue to relief, if he is still a pretrial detainee seeking to challenge his detention, *see* 28 U.S.C. § 2241, or if he is confined pursuant to a judgment of a State court, *see* 28 U.S.C. § 2254.  *See Jackson v. Clements*, 796 F.3d 841 (7th Cir. 2015) (relief under 28 U.S.C. § 2241 is no longer available when a pretrial detainee becomes a convicted prisoner).

Regardless, Plaintiff cannot proceed with his claim in this case.  Therefore, the Complaint and this action shall be dismissed.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing Section 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus).  This case will be closed.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted herein and/or for lack of jurisdiction.  This dismissal does not preclude Plaintiff from pursuing relief in another action in state or federal court.  Plaintiff is **ADVISED** that this dismissal does <u>not</u> count as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk's Office is **DIRECTED to SEND** Plaintiff blank Petitions for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 12) is **DENIED**.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 10/26/2022**                    s/J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **United States District Judge**